# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

| | | |
|---|---|---|
| FRANKLIN G. ENDICOTT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:14-CV-107 DDN |
| | ) | |
| JAMES HURLEY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' REPLY TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

Defendants Larry Allen, Roger Avery, Jacob Baker, Tyree Butler, Lori Calvin, David Cutt, Kristin Cutt, Alan Earls, Joyce Edwards, Chantay Godert, Richard Griggs, James Hurley, William Jones, George Lombardi, Jeffrey Reid, James Rhodes, and Lisa Ruby ("Defendants"), by and through counsel, hereby submit their Reply to Plaintiff's Memorandum in Opposition of Defendants' Motion to Dismiss.

## I.   Introduction

Defendants are entitled to a dismissal of Plaintiff's claims in Counts III, IV, VII, VIII, IX, X, XI, XII, XIII, XIV, XVII, XVIII, XX, XXI, and XXII of Plaintiff's Fifth Amended Complaint (Doc. 114) because Plaintiff has not pled facts sufficient to support his claims of deliberate indifference, retaliation,

1

deprivation of Due Process and Equal Protection, and cruel and unusual punishment. Plaintiff's claims, therefore, should be dismissed.

## II. Standard of Review

Plaintiff has the burden to provide "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotations omitted). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id*.

## III. Discussion

### A. Count III should be dismissed because Plaintiff has not stated a claim of deliberate indifference to a serious medical need.

In Count III, Plaintiff claims that Defendants Hurley and Ruby were deliberately indifferent to Plaintiff's serious medical need when they instituted and executed a ten-minute time limit for offenders to visit sick call. (Doc. 114, ¶¶72-81, 176-88). Plaintiff must show "that he suffered from one or more objectively serious medical needs, and that prison officials actually knew of but deliberately disregarded those needs." *Roberson v. Bradshaw*, 198 F.3d 645, 647 (8th Cir. 1999).

Plaintiff's claim that he could not visit nurse sick call on some occasions as a result of the imposed time limit does not mean he did not receive medical attention. During the timeframe Plaintiff is complaining about, he visited with medical staff, received treatment, and saw his symptoms resolve as a result. (Doc. 114, ¶¶65-66, 77).

Plaintiff's pleadings do not state a claim of deliberate indifference to Plaintiff's serious medical need. Plaintiff does not allege that he suffered from a serious medical condition. Even if he did, Plaintiff did not make Defendants aware that he had a serious medical condition. The mere act of attempting to visit sick call does not put non-medical staff on notice of a serious medical condition. Plaintiff does not allege that he communicated a serious medical need to Defendants. He does not allege sufficient facts to indicate that his medical needs were "so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *See Jenkins v. County of Hennepin, Minn.*, 557 F.3d 628, 633 (8th Cir. 2009) (citation omitted). Plaintiff has provided no basis for why Defendants should have "strongly suspect[ed]" that Plaintiff suffered from a serious medical condition. *See Conley v. Birch¸* 796 F.3d 742, 747 (7th Cir. 2015). Defendants neither had actual knowledge nor did they have reason to suspect Plaintiff had a serious medical need.

Moreover, Plaintiff has not pled facts supporting his contention that Defendants established and executed an unconstitutional sick call system.

Plaintiff does not allege that he was unable to call for medical staff later that same day to address his medical concerns. "The Constitution does not require jailers to handle every medical complaint as quickly as each inmate might wish." *Jenkins*, 557 F.3d at 633. Plaintiff has not pled facts to show that any of the prison's official policies reflected deliberate indifference to his serious medical needs.

Finally, Defendants Hurley and Ruby are entitled to qualified immunity. "Qualified immunity shields a government official from liability when his conduct does not violate 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Krout v. Goemmer*, 583 F.3d 557, 564 (8th Cir. 2009) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 812 (1982)). Plaintiff has not pled facts showing that Defendants violated his rights. Defendants could not have known that managing sick call visits by imposing and enforcing a 10-minute visit window was unconstitutional even if it was. Defendants, therefore, are entitled to qualified immunity.

Accordingly, the Court should enter judgment on Count III in favor of Defendants Hurley and Ruby as to the claims in Count III.

### B. Count IV should be dismissed because Plaintiff has not stated a claim of deliberate indifference to a serious medical need.

In Count IV, Plaintiff claims that Defendants Calvin, Cutt, Reid, and Avery were deliberately indifferent to Plaintiff's serious medical need when they delayed Plaintiff's transfer to a doctor's visit. (Doc. 114, ¶¶40-42, 189-200). Plaintiff has not pled that he had a serious medical need or that Defendants had knowledge of any serious medical need. *See Roberson*, 198 F.3d at 647.

Even if Plaintiff did sufficiently plead that he had a serious medical need, the facts do not show that Defendants had the requisite state of mind to be in violation of Plaintiff's constitutional rights. Deliberate indifference requires more than mere negligent misconduct; it requires a mental state akin to criminal recklessness. *Olson v. Bloomberg*, 339 F.3d 730, 736 (8th Cir. 2003); *see also Gregoire v. Class*, 236 F.3d 413, 419 (8th Cir. 2000). First, Plaintiff's pleadings do not support an inference of culpable behavior rising above mere negligence. Plaintiff claims that Defendants distracted each other, resulting in a delay in Plaintiff's transfer to a doctor's visit. (Doc. 49, ¶¶40-41). Plaintiff has not offered facts sufficient to support an allegation that Defendants acted with deliberate indifference. Because Plaintiff has not pled that Defendants had the requisite mental state, Plaintiff's claim of deliberate indifference fails as a matter of law.

Second, Defendants did not have the requisite knowledge of Plaintiff's medical condition to be deliberately indifferent. Plaintiff's need to visit a doctor was not emergent. After Plaintiff missed his appointment, he was not scheduled to go again the next day or even the next week. (Doc. 114, ¶42). Plaintiff further pled that he saw medical staff in between October 15 and November 5, 2010. *Id.* at ¶¶44-47. Defendants, as non-medical staff in the prison, are entitled to rely on the determinations made by medical staff. *McRaven v. Sanders*, 577 F.3d 974, 981 (8th Cir. 2009). Because Defendants lacked the requisite knowledge, Plaintiff's deliberate indifference claim fails.

Defendants also are entitled to qualified immunity. *See Krout*, 583 F.3d at 564. Defendants did not know that Plaintiff had a serious medical need, and Defendants did not act with the requisite mental state to be deliberately indifferent.

Under Count IV, Defendants Calvin, Cutt, Reid, and Avery are entitled to judgment on the pleadings.

### C. Count VII should be dismissed because Plaintiff has not stated a claim of retaliation related to his placement in a cell with steel grates on the door.

In Count VII, Plaintiff alleges that Defendants Lombardi, Earls, Allen, Hurley, Griggs, Jones, Godert, Rhodes, Butler, Baker, and Cutt retaliated against Plaintiff by placing him in an administrative segregation cell with doors equipped with steel grates. (Doc. 114, ¶¶112-24, 218-25). To establish a

6

claim of First Amendment retaliation, a plaintiff must show: "(1) the prisoner exercised a constitutionally protected right; (2) prison officials disciplined the prisoner; and (3) exercising the right was the motivation for the discipline." *Meuir v. Greene Cnty. Jail Emps.*, 487 F.3d 1115, 1119 (8th Cir. 2007) (citations omitted).

Plaintiff's placement in a cell with a door equipped with steel grates is not a retaliatory act. Plaintiff is not entitled to a comfortable prison. *See Rhodes v. Chapman*, 452 U.S. 337, 339 (1981). Additionally, Plaintiff does not allege that his cell in administrative segregation was the only one with the steel grates. Plaintiff was placed in administrative segregation because of a security threat to the institution; Plaintiff admits that he was placed there because of a pending investigation into gang activity. (Doc. 114, ¶86). Prison officials must have the ability to ensure the safety of offenders under their charge.

The law provides prison officials with that ability. Prison officials have broad authority in managing prisons, including managing offender housing assignments. *Hewitt v. Helms*, 459 U.S. 460, 467 (1983); *McKune v. Lile*, 536 U.S. 24, 39 (2002). Plaintiff is asking the Court to micromanage a housing decision in a prison, a management decision that normally receives a high degree of deference from the Court. *See Hosna v. Groose*, 80 F.3d 298, 303 (8th Cir. 1996); *Klinger v. Dept. of Corrections*, 31 F.3d 727, 732 (8th Cir.

1994). Plaintiff has not pled that the door grates caused him injury, or that the grates constitute the type of "extreme deprivation" permitting the Court to intervene. *See Lee v. Tahash*, 352 F.2d 970, 971 (8th Cir. 1965); *Hudson v. McMillian*, 503 U.S. 1, 8-9 (1992). Plaintiff also has not pled how an inmate's placement in a cell with steel grates on the door would "chill a person of ordinary firmness from engaging in [a protected] activity." *See Lewis v. Jacks*, 486 F.3d 1025, 1028 (8th Cir. 2007).

Additionally, Defendants lacked the requisite personal involvement needed to impose liability under 42 U.S.C. §1983. Plaintiff must show that Defendants "personally violated the plaintiff's constitutional rights." *Jackson v. Nixon*, 747 F.3d 537, 543 (8th Cir. 2014) (citing *Iqbal*, 566 U.S. at 676 (2009)). Plaintiff has not pled sufficient facts to show how Defendants had the requisite personal involvement in the alleged constitutional deprivation. Plaintiff's claims in Count VII therefore should be dismissed.

Defendants are also entitled to qualified immunity from Plaintiff's claims in Count VII. *See Krout*, 583 F.3d at 564. Defendants did not violate any of Plaintiff's constitutional rights. Plaintiff also has not pled that Defendants were personally involved in any alleged deprivation of his rights. Moreover, Plaintiff did not have a clearly established right not to be placed in a cell with steel grates on the door. Defendants therefore are entitled to qualified immunity.

On Count VII, Defendants Lombardi, Earls, Allen, Hurley, Griggs, Jones, Godert, Rhodes, Butler, Baker, and Cutt are entitled to a dismissal of the claims against them.

### D. Count VIII should be dismissed because Plaintiff has not stated a claim of retaliation related to his placement in a cell with a gang member.

In Count VIII, Plaintiff alleges that Defendants Baker and Cutt retaliated against Plaintiff by placing him in a cell with known gang members. (Doc. 114, ¶¶115-24, 226-33). Plaintiff's placement in a cell with gang members is not a retaliatory act. Prison administrators have wide discretion to choose where to house inmates, including placing two inmates in one cell. *McKune v. Lile*, 536 U.S. 24, 39 (2002); *Rhodes*, 452 U.S. at 348. Plaintiff did not plead sufficient facts to support a claim that Defendants failed to properly screen his potential cellmates. Plaintiff did not even plead that he suffered from increased violence as a result of being housed with gang members. Plaintiff has not pled sufficient facts showing that placing an offender in a cell with gang members would "chill a person of ordinary firmness from engaging in [a protected] activity." *See Lewis*, 486 F.3d at 1028. Plaintiff's claims in Count VIII therefore fail.

Defendants are also entitled to qualified immunity from Plaintiff's claims in Count VIII. *See Krout*, 583 F.3d at 564. Plaintiff's pleadings show that Defendants did not violate any of his rights. And Defendants could not

9

have known that placing Plaintiff in a cell with a cellmate could have violated Plaintiff's rights. Defendants therefore are entitled to qualified immunity.

On Count VIII, Defendants Baker and Cutt are entitled to a dismissal of the claims against them.

### E. Count IX should be dismissed because Plaintiff has not stated a claim of retaliation against Defendants Earls and Hurley related to his access to the law library.

In Count IX, Plaintiff alleges that Defendants Earls and Hurley retaliated against Plaintiff by denying him access to the law library. (Doc. 114, ¶¶131-45, 234-42). Defendants lacked the requisite personal involvement needed to impose liability under 42 U.S.C. §1983. *See Jackson*, 747 F.3d at 543. Defendants Earls and Hurley are supervisors. (Doc. 114, ¶¶8, 2). "[A] general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability." *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997). Plaintiff has not pled facts showing how these Defendants were directly responsible for any alleged deprivation of rights.

Plaintiff's claims against Defendants Earls and Hurley in Count IX therefore should be dismissed.

### F. Count X should be dismissed because Plaintiff has not stated a claim of tacit authorization of deliberate indifference to a serious medical need.

In Count X, Plaintiff claims that Defendants Hurley, Griggs, Jones, Godert, Earls, and Lombardi tacitly authorized prison medical staff to be deliberately indifferent to Plaintiff's serious medical need. (Doc. 114, ¶¶243-50). Even if Plaintiff has pled that he had an objectively serious medical condition, Plaintiff has not pled facts sufficient to show that Defendants had knowledge of the serious nature of that condition but were deliberately indifferent to it. *See Roberson*, 198 F.3d at 647. Those Defendants with knowledge of Plaintiff's medical status were entitled to rely on medical professionals' determinations. *See McRaven*, 577 F.3d at 981. And Defendants lacked the requisite personal involvement needed to impose liability under 42 U.S.C. §1983. *See Jackson*, 747 F.3d at 543; *Keeper*, 130 F.3d at 1314; *Turner v. Mull*, 784 F.3d 485, 493 (8th Cir. 2015). Plaintiff's claims in Count X therefore fail.

Defendants also are entitled to qualified immunity. *See Krout*, 583 F.3d at 564. Defendants did not know that Plaintiff had a serious medical need, and Defendants were not personally involved in any alleged deprivation of Plaintiff's rights. Additionally, Defendants could not have known that relying on medical staff to make medical determinations would violate Plaintiff's

rights. Even if Plaintiff has stated a claim in Count X, Defendants are entitled to qualified immunity from Plaintiff's lawsuit.

On Count X, Defendants Hurley, Griggs, Jones, Godert, Earls, and Lombardi are entitled to a dismissal of the claims against them.

### G. Count XI should be dismissed because it fails to state a claim of tacit authorization of retaliation.

In Count XI, Plaintiff alleges a tacit authorization of retaliation claim against Defendants Hurley, Griggs, Jones, Godert, Earls, and Lombardi. (Doc. 114, ¶¶243-50). To the extent the claims in Count XI are the same as those in Count X, those claims should be dismissed. To the extent Count XI includes claims against Defendants for tacitly authorizing retaliation against Plaintiff by medical staff, Plaintiff has failed to state a claim against Defendants. Plaintiff does not plead sufficient facts to show how the medical treatment he received was retaliatory. "Merely alleging that an act was retaliatory is insufficient." *Meuir*, 487 F.3d at 1119 (citations omitted). Plaintiff has also not pled sufficient facts showing that Defendants participated directly in any deprivation of Plaintiff's rights. *See Jackson*, 747 F.3d at 543. Defendants were entitled to rely on the medical determinations of medical professionals. *McRaven*, 577 F.3d at 981. Plaintiff's claims in Count XI therefore fail.

Defendants also are entitled to qualified immunity. *See Krout*, 583 F.3d at 564. Plaintiff failed to state a claim of retaliation against Defendants. Defendants did not know that Plaintiff had a serious medical need, and Defendants were not personally involved in any alleged deprivation of Plaintiff's rights. Additionally, Defendants could not have known that relying on medical staff to make medical determinations would violate Plaintiff's rights. Even if Plaintiff has stated a claim in Count XI, Defendants are entitled to qualified immunity from Plaintiff's lawsuit.

On Count XI, Defendants Hurley, Griggs, Jones, Godert, Earls, and Lombardi are entitled to a dismissal of the claims against them.

### *H. Count XII should be dismissed because Plaintiff has failed to state a claim of cruel and unusual punishment related to his placement in a cell with steel grates on the door.*

In Count XII, Plaintiff claims that Defendants Lombardi, Earls, Allen, Hurley, Griggs, Jones, Godert, Rhodes, Butler, Baker, and Cutt subjected Plaintiff to cruel and unusual punishment by placing him in a cell with a door equipped with steel grates. (Doc. 114, ¶¶112-24, 259-71). Plaintiff is not entitled to a comfortable prison. *Rhodes*, 452 U.S. at 339. And Plaintiff has failed to plead that he suffered from an "extreme deprivation." *Hudson*, 503 U.S. at 8-9 (quoting *Rhodes*, 452 U.S. at 347 (1981)). Plaintiff has not pled facts showing how placing an offender in a cell with steel grates on the door is a sufficiently grave act to constitute a violation of the Eighth Amendment.

Additionally, Defendants lacked the requisite personal involvement to be liable. *See Jackson*, 747 F.3d at 543. Plaintiff's claims in Count XII therefore should be dismissed.

Defendants also are entitled to qualified immunity from Plaintiff's claims in Count XII. *See Krout*, 583 F.3d at 564. Even if Defendants were personally involved, Plaintiff has not pled facts sufficient to show that Defendants violated any of his rights. And Defendants could not have known that placing Plaintiff in a cell with steel grates on the door could have violated Plaintiff's rights. Defendants therefore are entitled to qualified immunity.

On Count XII, Defendants Lombardi, Earls, Allen, Hurley, Griggs, Jones, Godert, Rhodes, Butler, Baker, and Cutt are entitled to a dismissal of the claims against them.

### I. *Count XIII should be dismissed because Plaintiff has failed to state Due Process and Equal Protection claims related to the lack of a policy defining the term "gang."*

In Count XIII, Plaintiff claims that Defendants Lombardi, Earls, Hurley, Griggs, Jones, Godert, and Butler denied Plaintiff his Due Process and Equal Protection rights by not instituting policies defining "gang," "gang member," or "gang activity." (Doc. 114, ¶¶106-08, 272-80).

Plaintiff has "no federal constitutional liberty interest in having state officers follow state law or prison officials follow prison regulations." *Orr v.*

*Larkins*, 610 F.3d 1032, 1034 (8th Cir. 2010) (citing *Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996)). A policy cannot serve as the basis for a constitutional claim. Plaintiff's claim therefore fails.

Likewise, Plaintiff's Equal Protection claim fails. "Dissimilar treatment of dissimilarly situated persons does not violate equal protection." *Klinger v. Dep't of Corr.*, 31 F.3d 727, 731 (8th Cir. 1994). Plaintiff does not sufficiently plead that he was treated differently than other offenders through the lack of a policy. Plaintiff has not pled any constitutional deprivation of Equal Protection, and his claim under Count XIII therefore should be dismissed.

Additionally, Defendants lacked the requisite personal involvement to be liable. *See Jackson*, 747 F.3d at 543. Plaintiff's claims under Count XIII should be dismissed for this reason as well.

Defendants also are entitled to qualified immunity from Plaintiff's claims in Count XIII. *See Krout*, 583 F.3d at 564. Plaintiff's pleadings show that Defendants were not personally involved in any alleged deprivation of Plaintiff's rights. Even if Defendants were personally involved, Plaintiff has not pled facts sufficient to show that Defendants violated any of his rights. And Defendants could not have known that not having a policy defining "gang" and related terms might possibly amount to some sort of constitutional violation. Defendants, therefore, are entitled to qualified immunity.

On Count XIII, Defendants Lombardi, Earls, Hurley, Griggs, Jones, Godert, and Butler are entitled to a dismissal of the claims against them.

### J. Count XIV should be dismissed because Plaintiff has failed to state Due Process and Equal Protection claims related to the alleged violation of the prison's enemy waiver policy.

In Count XIV, Plaintiff claims that Defendants Hurley, Earls, Jones, and Butler violated Plaintiff's Due Process and Equal Protection rights by failing to uphold NECC's enemy waiver policy. (Doc. 114, ¶¶125-30, 281-88).

Plaintiff has not pled facts sufficient to support his Due Process claim. Plaintiff does not have a "federal constitutional liberty interest in having… prison officials follow prison regulations." *Orr*, 610 F.3d at 1034. Plaintiff's Due Process claim therefore fails.

Plaintiff's Equal Protection claim also fails. First, a policy cannot serve as the basis of a constitutional liberty interest. *Id*. Second, Plaintiff has not plead facts showing that Defendants acted with "discriminatory intent." *Keevan v. Smith*, 100 F.3d 644, 651 (8th Cir. 1996). Plaintiff has not pled any facts showing that Defendants purposefully acted against an identifiable group of which Plaintiff was a member. Plaintiff's Equal Protection claim therefore fails.

Additionally, Defendants Hurley and Earls lacked the requisite personal involvement to be liable. *See Jackson*, 747 F.3d at 543. Plaintiff's claims against Defendants Hurley and Earls in Count XIV fail.

Defendants also are entitled to qualified immunity from Plaintiff's claims in Count XIV. *See Krout*, 583 F.3d at 564. Plaintiff's pleadings show that Defendants Hurley and Earls were not personally involved in any alleged deprivation of Plaintiff's rights. Even if all of the Defendants were personally involved, Plaintiff has not pled sufficient facts to show that Defendants violated any of his rights. And Defendants could not have known that failing to have Plaintiff sign an enemy waiver was a violation of Plaintiff's constitutional rights. Defendants are therefore entitled to qualified immunity.

Therefore, Plaintiff's claims in Count XIV against Defendants Hurley, Earls, Jones, and Butler should be dismissed.

### *K. Counts XVII through XXII should be dismissed because Plaintiff has failed to plead a claim for declaratory or injunctive relief.*

In Counts XVII through XXII, Plaintiff claims that he is entitled to declaratory or injunctive relief based on the same claims included above. Because Plaintiff has not pled sufficient facts to support his other claims, Plaintiff's claims in Counts XVII through XXII should accordingly be dismissed.

### IV.  Conclusion

Defendants are entitled to a dismissal of the claims against them on Counts III, IV, VII, VIII, IX, X, XI, XII, XIII, XIV, XVII, XVIII, XX, XXI, and

17

XXII. The Court, therefore, should dismiss Plaintiff's claims contained in Counts III, IV, VII, VIII, IX, X, XI, XII, XIII, XIV, XVII, XVIII, XX, XXI, and XXII.

Respectfully submitted,

**CHRIS KOSTER**
Missouri Attorney General

/s/ *Elad Gross*
Elad Gross #67125MO
Assistant Attorney General
Missouri Attorney General's Office
P.O. Box 861
St. Louis, MO 63188
Phone: (314) 340-7861
Fax: (314) 340-7029
Email: Elad.Gross@ago.mo.gov
*Attorneys for Allen, Avery, Baker, Butler, Calvin, David Cutt, Kristin Cutt, Earls, Edwards, Godert, Griggs, Hurley, Jones, Lombardi, Reid, Rhodes, and Ruby*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on October 14, 2016, the foregoing was filed electronically with the Clerk of the Court to be served upon all parties by operation of the Court's electronic filing system.

                                      */s/ Elad Gross*
                                      Elad Gross
                                      Assistant Attorney General